UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| AMOS FINANCIAL LLC | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | Civil Action No. 15-cv-13990-IT |
| | * | |
| LAW OFFICE OF CHARLES P. | * | |
| KAZARIAN, P.C. and CHARLES | * | |
| KAZARIAN, ESQ., d/b/a | * | |
| KAZARIAN LAW | * | |
| | * | |
| Defendants. | * | |

MEMORANDUM & ORDER

February 24, 2016

TALWANI, D.J.

I.  Introduction

Plaintiff Amos Financial LLC ("Amos") filed this action in Massachusetts state court for enforcement of a judgment against Defendant Law Office of Charles P. Kazarian, P.C. ("Kazarian P.C.") for failing to make payment under a promissory note and against Defendant Charles Kazarian, Esq., d/b/a Kazarian Law ("Kazarian") via claims of successor liability, de facto merger, and mere continuation. Compl. [#1-1, Ex. A]. Kazarian removed the suit to this court and filed a motion to dismiss Amos's complaint for failure to state a claim upon which relief can be granted. Notice of Removal [#1]; Revised Mot. to Dismiss [#6]. For the following reasons, the motion is DENIED.

II.     Discussion

    A.     *Standard*

To survive a motion to dismiss under Rule 12(b)(6), a complaint must state a "claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). The complaint must contain sufficient factual material "to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 559 (2007)).

    B.     *Alleged Facts*[1]

In October 2003, Kazarian P.C. executed a promissory note with Sovereign Bank, borrowing $100,000. Compl. [#1-1, Ex. A] ¶ 1. Kazarian P.C. defaulted on the note and by February 24, 2011, owed $74,485.77 plus interest. Id. ¶ 2. Sovereign Bank assigned the note to Amos and on June 5, 2012, Amos obtained a judgment against Kazarian P.C. for $86,430.33, plus statutory interest and costs. Id. ¶ 4-5. No part of the judgment has been paid. Id. ¶ 6. After being informed by Amos that Amos sought payment under the note, Kazarian dissolved Kazarian P.C. and created a successor entity, operating under Kazarian's name, that assumed the "clients and good will" of Kazarian P.C. without consideration in order to fraudulently avoid payment to Amos. Id. ¶ 7-9. Additionally, Kazarian distributed funds to his personal accounts and for his personal use during the last year of Kazarian P.C.'s existence. Id. ¶ 11.

    C.     *Analysis*

Kazarian bases his motion to dismiss on Mass. Gen. Laws ch. 93, §§ 24, 24A. Specifically, Kazarian argues that because Amos failed to register as a "debt collector" as required under Mass. Gen. Laws ch. 93, § 24A, it cannot assert a valid claim upon which relief can be granted. Def.'s Kazarian's Mem. of Law in Supp. of Mot. Dismiss Pl.'s Compl. [#5 at 1-

---

[1] For the purposes of a motion to dismiss, the court accepts as true the factual allegations pleaded in Amos's Complaint. Shaner v. Chase Bank USA, 587 F.3d 488, 490 (1st Cir. 2009).

2]. Amos counters that § 24A has no application to this case because Amos is seeking damages under a "business loan" and that it was therefore not required to acquire a debt collection license. Pl.'s, Amos's, Opp'n to Def.'s, Kazarian's, Am. Mot. Dismiss Pl.'s Compl. [#11 at 1-2].

Section 24A requires licensing for certain forms of debt collecting. Section 24A(a) states

> [n]o person shall directly or indirectly engage in the commonwealth in the business of a debt collector, or engage in the commonwealth in soliciting the right to collect or receive payment for another on account, bill or other indebtedness, or advertise for or solicit in print the right to collect or receive payment for another of an account, bill or other indebtedness, without first obtaining from the commissioner a license to carry on the business . . . .

Mass. Gen. Law ch. 93, § 24A(a). Section 24 expressly defines a "debt collector" as "any person who uses an instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of a *debt*, or who regularly collects or attempts to collect, directly or indirectly, a *debt* owed or due or asserted to be owed or due another." Mass. Gen. Laws ch. 93, § 24 (emphasis added). Section 24 defines "debt" as "any obligation or alleged obligation of a *consumer* to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are *primarily for personal, family, or household purposes*." Id. (emphasis added). Lastly, "consumer" is defined as a "natural person obligated or allegedly obligated to pay any debt." Id.

Despite Kazarian's insistence that he is a "consumer" and Amos is a "debt collector," the transaction at issue in this case is not a "debt" for the purposes of §§ 24, 24A. As alleged by Amos, the promissory note at issue in this case was a business loan, and therefore the money was not borrowed "primarily for personal, family, or household purposes." See Cadle Co. v. Rowe, 2000 Mass. App. Div. 49, 2000 WL 174916, at *4 (2000) (holding that the plaintiff did not violate 940 CMR 7.00 *et seq.*, a creditor regulation with substantially similar language to Mass. Gen. Laws ch. 93, §§ 24, 24A that also only applies to debts "for personal, family or household

purposes," because the loan at issue was a business loan to the defendant's law firm).  Taking the facts as alleged by Amos, the business loan at issue here was not used "primarily for personal, family or household purposes" and therefore § 24A's licensing requirements do not apply.  Cf. Albright v. Trustees of the Villa Grande Condominium, 2001 Mass. App. Div. 88, 2001 WL 589070, at *2 (2001) (finding that improvements to a common area of a condominium building was not for the "personal" benefit of a unit owner).

Further supporting this finding is the fact that Kazarian P.C. is not a "natural person" and therefore cannot be considered a "consumer" as defined by the statute.  Although Kazarian is a natural person, Kazarian's alleged liability flows from the debt owed by Kazarian P.C. under theories of successor liability, de facto merger, and mere continuation.  Based on the facts as alleged in the complaint, Amos has stated a claim upon which relief can be granted.

III.    Conclusion

For the foregoing reasons, Defendant Kazarian's Amended Motion to Dismiss [#6] is DENIED.

IT IS SO ORDERED.

February 24, 2016                              /s/ Indira Talwani
                                               United States District Judge